UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR KARCHE ADDISON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAC. COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-0381 WBS KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff is currently incarcerated at California State Prison-Corcoran ("CSP-COR"). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In the operative complaint, plaintiff names as defendants Sacramento Superior Court Judge Allen Sumner and Deputy Clerks M. Garcia and R. Torres, CSP-COR Warden Dave Davie, California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey Beard, and California Governor Jerry Brown. (ECF No. 1 at 3.) Plaintiff's complaint provides in pertinent part as follows:

> 1) On or about June 30, 2014, Plaintiff submitted a writ of replevin contract to pay all default judgments and/or liens in case numbers 98F07260, 98F09234. Writ of replevin log number is 34-2014080001883.
>
> 2) Deputy Clerks M. Garcia, R. Torres did all the intering into the records of all transactions of said writ of replevin.
>
> 3) Judge Allen Sumner failed to comply with plaintiffs writ of replevin contract once plaintiffs bond was excepted for payment, which deprived plaintiff of his due process rights under the 14th Amendment.
>
> 4) Jeffrey Beard, Dave Davie is illegaly holding my property, which also deprives plaintiff of his due process rights.
>
> 5) All these violations are being done under Ca. Gov. Jerry Brown watch, which is also due process violations.

(sic) (ECF No. 1 at 3.) Plaintiff seeks as relief the "release of lien on real property, release of personal property from escrow," and the return of "the original bonds and birth certificate and/or securities or whatever they were converted into," plus interest. (Id.) He also requests that the court order his release from CSP-COR. (Id.)

Plaintiff's complaint is defective in at least three respects. First, plaintiff cannot seek to compel compliance with a writ of replevin through an action filed under 42 U.S.C. § 1983. It is

well-settled that Section 1983 does not provide an avenue for enforcing provisions of state law. To state a cognizable claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the **United States** . . . ." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996)).

Second, the court cannot order plaintiff released from custody as relief in a civil rights action brought pursuant to 42 U.S.C. § 1983. If plaintiff wishes to challenge the legality of his conviction, he must file a habeas corpus petition pursuant to 28 U.S .C. § 2254.

Finally, it appears that plaintiff is attempting to hold defendants Governor Brown, Secretary Beard, and Warden Davie liable under a theory of supervisory liability. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

4

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, in any amended complaint he elects to file, plaintiff must provide further factual allegations concerning the alleged involvement of defendants Governor Brown, Secretary Beard, Warden Davie, and any other defendant holding a supervisorial position in the claimed constitutional violations.

The court has determined that the complaint, as pled, fail to state a claim upon which relief may be granted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's complaint is dismissed.

    4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  September 2, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/addi0381.14.new.kjn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR KARCHE ADDISON,<br><br>    Plaintiff,<br><br>    v.<br><br>SAC. COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | No.  2:15-cv-0381 WBS KJN P<br><br>NOTICE OF AMENDEMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint

DATED:

                             _____
                             Plaintiff